UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LADY CARLA BOUVIER,<br><br>Plaintiff,<br><br>v.<br><br>RICK FUSARO,<br><br>Defendant. | Civil Action No. 24-30154-MGM |

MEMORANDUM AND ORDER
September 10, 2025

MASTROIANNI, U.S.D.J.

For the reasons set forth below, the court allows Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. No. 4.) If Plaintiff wishes to proceed with this action, the court grants her time to file an amended complaint that sets forth a basis for this court's jurisdiction and a plausible claim upon which relief may be granted.

## I. BACKGROUND

Lady Carla Bouvier ("Plaintiff"), a resident of Westfield, Massachusetts, filed her self-prepared complaint against Rick Fusaro, identified as a resident of Santa Barbara, California. (Dkt. No. 1). Plaintiff states that she "is engaged in legal proceedings to recover overdue Social Security benefits and backpay totaling $64,300.00." (*Id.* ¶ 5.) As to Defendant Fusaro, she states that he "engaged in deliberate and malicious actions to intimidate Plaintiff and sabotage her payback case." (*Id.* ¶ 6.) Plaintiff alleges that Fusaro's "threatening statements were captured on video, where he admitted and confessed to his intent to disrupt Plaintiff's case." (*Id.* ¶ 8.) Plaintiff asserts claims pursuant to state laws for intentional inflection of emotional distress, defamation, and harassment as well as federal claims pursuant to 18 U.S.C. § 1503 and 42 U.S.C. § 1983. (*Id.* ¶¶ 10, 12, 15, 16.) For relief, she seeks unspecified compensatory and punitive damages as well as a court order that

"prohibit[s] Defendant from engaging in any further harassment or interference with Plaintiff's legal case" and "[o]rder[s] Defendant to publicly retract any false statements made about Plaintiff." (*Id.* at 5.)

## II.   THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit. Upon review of Plaintiff's financial disclosures in her Application to Proceed in District Court Without Prepaying Fees or Costs, the court concludes that she has adequately demonstrated that she is without income or assets to pay the filing fee. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis*.

## III.   PRELIMINARY REVIEW

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Because Plaintiff is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

In addition to screening, the court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). To invoke this court's subject matter jurisdiction, Plaintiff must allege either that

2

this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). "Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand." *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)). It is long-settled that "[t]he party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) (citing cases).

## IV.  DISCUSSION

To the extent the complaint asserts a claim for obstruction of justice pursuant to 18 U.S.C. § 1503, Plaintiff cannot bring a civil lawsuit based upon the alleged violation of a federal criminal statute. A private citizen "'has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes." *Diaz v. Perez*, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)). The federal criminal statute referred to in the complaint does not confer a private right of action. *See Yaghoobi v. Tufts Medical Center, Inc.*, No. 23-12464-DLC, 762 F.Supp.3d 85, 94 (D. Mass. 2025) (citing *Scherer v. United States*, 241 F.Supp.2d 1270, 1282 (D. Kansas 2003) (no private cause of action exists under federal obstruction of justice statute, 18 U.S.C. § 1503)); *see also Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").

Next, Plaintiff asserts a claim under a federal civil rights statute, 42 U.S.C. § 1983.[1] Speaking broadly, § 1983 provides a remedy for the violation of federal right by a person acting under the

---

[1] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1

color of state law, but its application is not without limitations. Here, Defendant is not alleged to be a state actor. Assuming for the sake of argument that the complaint advances a claim for the violation of her constitutional rights, in order to prevail, Plaintiff must establish that the Defendant was acting under color of state law. Plaintiff has not made such a showing here.

As for diversity jurisdiction pursuant to 28 U.S.C. § 1332, the complaint alleges diversity of citizenship between the parties. However, Plaintiff does not indicate precisely what her damages are, and there is no basis to find that the amount in controversy exceeds $75,000. Finally, the complaint fails to state a claim for intentional inflection of emotional distress, defamation, and/or harassment. The allegations are conclusory in nature and vaguely pleaded at best. Each of these claims has no supporting factual allegations. The court concludes that the claims fail because they do not satisfy the basic pleading requirements of Rule 8(a)(2).

Although the court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520–21, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979) (citation omitted). Plaintiff will be granted an opportunity to amend her complaint and cure the pleading deficiencies of the original complaint.

## V. PLAINTIFF MAY FILE AN AMENDED COMPLAINT

Because the current complaint fails to allege a plausible basis for this court's jurisdiction, the complaint is subject to dismissal. However, the court will permit Plaintiff to amend her complaint. The filing of an amended complaint completely replaces the original complaint. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

To the extent Plaintiff wishes to proceed, she must file an amended complaint that meets the

---

(1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

following requirements. The case caption must clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of Claim" section of any amended complaint, plaintiff must provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

## VI. CONCLUSION

For the reasons set forth above,

1.    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 4) is ALLOWED.

2.    If Plaintiff wishes to proceed with this action, on or before October 8, 2025, she shall file an amended complaint in accordance with the instructions set forth herein. Failure to comply with these directives will result in the dismissal of this action pursuant to 28 U.S.C. § 1915 (e)(2) for failing to state a claim upon which relief may be granted.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge